The first case today is 14-1033, United States v. Sorrell Cox. Thank you. Thanks. Good morning, Your Honors. Leslie Feldman Rumpler on behalf of Sorrell Cox. Mr. Cox, as you know, was convicted after trial on seven, I'm sorry, eight counts of fraud, between bank fraud and monetary transactions. He was acquitted on seven counts. It was a split verdict. The fraud in this case concerned development of real estate, which involved, unlike some cases, a developer who actually was trying to improve the properties. The record shows and there was testimony that he put his own money into developing them, to try to upgrade the real estate in the area. So there was some value. The sentencing really demonstrates what can happen when fair process isn't followed. In other words, if the evidence to support what conclusions appear in the PSR is not provided to probation before the PSR is prepared, then the facts concluded in the PSR or implicitly concluded in the PSR, without anything behind them, appear to be proven. So in this case, the government offered this book, the second submission, is volume two of the joint appendix to probation so that they can prepare the PSR, or at least the chart that appears at beginning of page eight of the PSR right here. And it lists different information about the properties. It lists the address, the loan date, the seller, borrower, lender, the deed price, first mortgage, second mortgage, total loans. It looks comprehensive. It's got a lot of information. But what it doesn't have is it doesn't have anything that would be necessary to determine whether any of these properties belong here, whether there was any fraud in the transaction, what were the misrepresentations that were made in that transaction to justify their inclusion here. And the relevant conduct uncharged transactions are interspersed with the convicted and the acquitted transactions. There's no way in this chart to distinguish them unless you sit down with a list and look. Counsel, the material that you're referring to, I assume much of it was the subject of testimony at the trial which the judge heard. Is that correct? That is not correct. At the trial, there were 10 charged transactions. I'm sorry, yeah, 10 charged transactions, real estate transactions, unit sales, that is to say. There was some testimony about one or two of the other transactions, but most of them there was no testimony about. And the only information about those transactions came in volume three of the appendix. This is the second sentencing submission that was submitted to probation after the defendant's objection period was over, after the PSR was finalized, after the lost chart decided to include all of these transactions with the implicit statement that they qualified as relevant conduct, that they involved fraud, that the fraud was foreseeable to Mr. Cox, and that it was committed by someone who was in joint criminal activity with him, and that it was part of the whole pattern and scheme of this case. This material, and this is two-sided pages, it came in a much larger notebook. But this has the deeds, the applications for loans, in some cases but not all, the interviews with the borrowers to show what are the facts of these transactions. My contention, and I think it's well borne out by the record, is that nobody, not probation, not the court, possibly not defense counsel, it's unclear, nobody really looked at this. And this is the basis of $5.3 million out of 7.8 being included in the loss amount, and it's not just the loss amount as explained in my brief. It's the gross receipts, it's the number of victims, all of this gets put together. Well, counsel, the district court said when it came to actually imposing a sentence, in terms of considering a loss amount, it looked at loss amounts related only to convictions and not acquitted conduct. Is that not so? What it did was it calculated the guidelines, accepting everything probation said, accepting all of these things as relevant conduct, and then it said, which the government itself had said, this number is too high, I'm not going to sentence based on this guidelines calculation, but this is the guidelines calculation, so it is the starting point, and if it's wrong, it's procedural error. The court then said, I'll sentence you based on a loss amount that only comes out of the convicted transactions, and I'll take out the gross receipts that weren't related to those transactions. What it didn't take out, though, was the 10 or more victims enhancement, so that's two points that did not come out. So the guidelines that the court sentenced essentially, not the guidelines it sentenced on, but the guideline range that the sentence fell within, the varied sentence, did not take that out. It is the loss amount that really drives the sentence here, at least with respect to loss amount. The court was explicit in saying that it was looking only at losses related to convictions, correct? I would not agree with that. It sentenced within a guidelines range that corresponds to that loss amount. That is correct. And it is also true that the loss amount is the biggest driving force behind the guidelines in a fraud case. But two more points would have made a significant difference to defend it. But the two levels that you're talking about, you're talking about levels, not points. Yes, correct. The two levels that you're talking about relate to the enhancement for 10 or more victims. That's right. And the district court did hear firsthand evidence about 10 separate transactions. So I understand that some of those transactions resulted in acquittals, but because of the difference in the quantum of proof, we can use, or the district court can use acquitted conduct. So the 10 or more victims is not inconsistent with the district court's limitation of the amount of loss. The district court could credit testimony that there was a victim based on the trial testimony, even if the jury didn't reach a verdict. That is correct, but it didn't do that. In other words, nowhere in the sentencing proceedings did the court say who are the victims and how many are there. In the convicted counts, there were at least two transactions where the lender was the same lender. So you'd have 10 transactions, nine lenders. And it was only the lenders who were being counted, and it's only a lender who actually loses money. I've cited case law in my brief for that. I don't think it's refuted by the government. Now, I don't think, although at sentencing, the government did take the position that even if there was no loss to a particular lender, that that lender was a victim. That's something this court has said clearly. One does not qualify as a victim for purposes of this guideline unless there is a loss. I'm not quite sure that I'm following your argument, but it sounds to me, correct me where I'm wrong, as though you are saying that for purposes of the loss calculation, the district court said it was going to not count acquitted or uncharged conduct. And your argument had been that there wasn't proof of all of this loss. So that seems to not matter. But as to the 10 or more victims, there was testimony and evidence. So you don't have that argument. Is the complaint that there wasn't a finding of 10 or more victims? Okay, let me go back. Yeah. I don't agree that the court only considered the convicted transactions for the amount of the loss. My contention is, and I think the record makes very clear, in calculating the guidelines, the court considered all of the transactions that probation put in the loss chart, the convicted transactions, the acquitted transactions, and the relevant conduct transactions, without examining the record of that. In doing that, or the result of that, was a guidelines level that was so high, and a GSR that was so high, that the government agreed this is too high for sentencing, and the government recommended a varied sentence of 180 months. The guidelines were in the 200-plus range. So that wasn't going to be the sentence, but that was still the guidelines calculation. And this court has clearly said over and over again, even if a varied sentence is imposed, if it comes after the beginning point being wrong, an erroneous calculation of the guidelines, that's procedural error. Yeah, but that overlooks what the district court then did, which was to arguably, to render harmless any error in the calculation of the amount of loss, by saying for purposes of this sentence, regardless of what the actual guideline calculation is, I'm going to treat this as if the guideline calculation were the lower range, based on an amount of loss that just stems from the acquitted conduct. And your complaint now is, well, the district court didn't really do what it said it was going to do, because it failed to adjust for the fact that there may have been fewer than 10 victims. But I don't read the record as indicating that there was any objection on that point, that there was ever any challenge in the district court to the number of victims. There certainly was. It's in the PSR objections the defendant filed, and I believe the defendant actually named the victims that he contended were victims, and I think they added up to six. So that's in the PSR objections, and it's very clear. I also simply wanted to respond to the notion that it's harmless error. Whatever the guidelines calculation may have been is harmless error, because the court sentenced on this lower guideline. The court stated that it was varying downward. And so if the starting point is wrong and you're varying downward and you say, in varying downward, I'm coinciding with a different calculation, which may or may not be correct, I don't think that works. The error was there in the beginning, initially with the guidelines calculation. The varied sentence, to the degree that it sought to remove potentially the error or remove the relevant conduct from the calculation, did not do that because the convicted counts alone do not add up to ten victims. The only way you get to that is going outside of that, which means that it's not harmless error. Good. Thank you. Good morning, and may I please the Court. Ryan DeSantis for the United States. The appellant challenges the sentence he received for orchestrating one of the largest mortgage fraud schemes in this district in recent memory. To the extent the defendant's claims are preserved, they lack merit, and this Court should affirm the sentence. I'd like to start by addressing a few things that were raised when the appellant was making her argument. First of all, at the outset, there was little to no evidence that Mr. Cox put money into these properties. There was evidence that one of his partners did on one triple-decker flip, but there was little to no evidence that Mr. Cox did, in fact, do that. Secondly, there was a significant amount of trial testimony that helped directly prove up the relevant and acquitted conduct in this case. As the government references in its brief testimony of Rebecca Kinsevic, Mr. Cox's co-conspirator and the paralegal who closed his loans, established that she netted funds and also received fake check receipts from Mr. Cox on certain properties in order to commit the fraud and hide it from lenders. That netting occurred, as the government showed in its sentencing exhibits, on 15 of the relevant conduct transactions. In addition, there was testimony at trial from Darius McCroy, who owned Elevated Media Group, a company that was used by Mr. Cox as a false employer for some of the loans in this case. Five of those relevant conduct loans used Elevated Media Group, and that fraud was proved up in conjunction with bank records submitted in sentencing exhibits. Did the district court make any findings that any of this testimony was truthful or factual? I mean, one thing that troubles me about this case is I haven't found in the record any finding that the district court made that particular transactions, particularly uncharged transactions, particular uncharged transactions, were indeed part of the same overall scheme. Your Honor, what did district court do? Could you first answer my question, then tell me what you think. Did the district court make any findings that any particular incidents of uncharged conduct were a part of this scheme or course of conduct? The district court didn't specifically reference any particular property. All right, so the answer to my question is no. Correct. Okay. Now, I would say, Your Honor, that what the district court did do was the district court specifically referenced Ms. Kinsevich's testimony and the fact that she was considering trial testimony and evidence as support for both the findings as to acquitted conduct and the findings as to relevant conduct. In addition, I'd like to address- Excuse me, counsel, but weren't there specific objections posed to the PSR in terms of the appropriateness of relying on acquitted conduct or uncharged conduct as relevant conduct? Weren't there very specific objections to the PSR along those lines? There were specific objections, Your Honor, with respect to both acquitted and relevant conduct. In the face of those specific objections, what kind of obligation does it impose upon the district court to respond to those if it's going to resolve the dispute between the government's insistence that there is a reliable basis for relying upon acquitted conduct and uncharged conduct and the contention of the defendant that the documents that the government has submitted does not provide a reliable basis for such a reliance? What is the obligation of the district court in that situation? Well, I think the district court met its obligation here, and I'd like to explain why. First of all, the district court listened to argument from the government with respect to both acquitted and relevant conduct, and the government went into detail at the sentencing hearing discussing why the specific acquitted conduct properties were part of the fraud and also why relevant conduct was part of the fraud as well. And what the government did was it summarized in its argument the pieces of trial testimony that proved up the fraud and also what was in the exhibit binders that were submitted. And with respect to those binders, the government takes issue with the appellant's characterization of them. First of all, they were submitted well in advance of the sentencing. In fact, the first binder, which established the loss amount, contained a loss analysis and the backup deeds, both the fraudulent sale deed, the foreclosure deed, and the subsequent sale deed in that binder. Those were submitted prior to the final PSR, and they were actually referenced in response to Mr. Cox's objections on the loss and on the 10 or more victims enhancement in the final PSR. Secondly, with respect to the relevant conduct, which was summarized by the government at the sentencing hearing as far as the types of evidence it contained and in conjunction with trial testimony to support it provided for both the acquitted and relevant conduct, that was submitted September 12th of 2013, which was over three months prior to the sentencing. In the government's view, it is obvious that the court considered in detail both of those submissions. Whether or not it specifically referenced them or went through piece by piece, that, the government submits, is not the district court's obligation. What the district court's obligation to do here was to consider that evidence, which it clearly did based on the record and based on the government's arguments with respect to specific facts and render a decision based on that. And here, Your Honor, the government submits that the government both sustained its preponderance burden and that the district court acted appropriately in its consideration. I'd like to discuss next the alternative. Excuse me, counsel. Yes, Your Honor. The problem with that argument is, I think, with respect, it lets the district sentencing court off a bit too lightly. Because you're telling me that here's a record, and from what you've said, there's no way that I can look at a single piece of uncharged conduct and tell whether or not the district court included that piece in its findings. If the district court had said, you know, I agree entirely with the government's argument, and I find as a fact that every piece of property specified by the prosecutor is uncharged conduct, that would at least give us a starting point. I struggle with the notion that appellate review becomes a guessing game because we're expected with no discrete findings by the sentencing court to guess at whether and to what extent the district court may have accepted arguments made by a prosecutor. Your Honor, I don't believe that this court needs to engage in a guessing game at all. In fact, based on the record here, the district court has all of the documentation necessary and all of the testimony that the court relied on in order to show and establish the relevant conduct. And the government, at the sentencing hearing, went into detail in its argument as to the reasons why acquitted conduct and relevant conduct had been proven up by the facts both before the judge at trial and before the judge at the sentencing hearing. It can't be the case that the judge then needs to resuscitate that or engage in specific discussion down into the weeds when it comes to each and every property. The government would submit that that's not practical. What the court did here was recognize the evidence that was submitted by the government, reference the government's argument and submissions, and render a decision based on that. When you say reference the government's arguments and submissions, what language of the court are you pointing to? I'm pointing to the language of the court after the government basically had provided its argument, basically referencing that it had noted it and also referencing its argument later on in the statement of reasons. When you say referencing its argument, I don't understand the use of the word. Are you saying that the court on the record adopted the government's arguments or endorsed the government's position, or are you merely saying that the district court acknowledged that the government had made the arguments? I believe it was a combination of both. I don't believe that it said that it adopted everything in its entirety, but I believe there were points along the way in its statement of reasons where it referenced the government's argument as its support, either in agreeing to it or as support for its argument. With respect to the alternative guidelines calculation that is raised by defense counsel, I just wanted to make clear that that calculation was a decision. Before you move on to that point, you said that we can conclude that with respect to acquitted conduct, relevant conduct, the court accepted the government's arguments, that they are all appropriately considered relevant conduct. Yet if that's true, why was the court so explicit in saying that it was not going to use, for purposes of calculating the loss amount, all of that relevant conduct? It was going to focus only on the convictions. That approach to the district court seems to belie the argument you've just made, that the government embraced the larger argument that you were making about relevant conduct. I don't see how you can square those two. If I may, Your Honor, there were two distinct arguments here. The first was an argument with respect to the actual guidelines calculation and findings. In that respect, the court adopted the guidelines total offense level of 37 in the range of 262 to 327 months that corresponded to that. When it came to the sentencing hearing, the court did rely or use that guidelines calculation as one of its section 3553A factors. What it determined, and what the government also argued at sentencing, was that that range was too high. So it was not a factor that was extremely prominent in the 3553A analysis. The more prominent factors were seriousness of the offense, unwarranted sentencing disparities, general and specific deterrence. When the court brought up that alternative guidelines range, Your Honor, it did so merely to explain the sentence for Mr. Cox's benefit. It did not rely on it at all. It was merely to place in context his sentence and the amount of the variance that the court had already adopted, the 112-month variance. It was for his benefit. It had no practical effect at all on the sentence. It was to tell him this is where I find your sentence to fall within the range of reasonableness. Oh, by the way, it corresponds to this guidelines range where the loss is much less. But as far as the actual guidelines loss amount, the total offense level, and the guideline sentencing range, the court used relevant conduct and acquitted conduct to find that. It just deemed that range to be unreasonable, as did the government, in light of the facts of this case. If there are no other questions, the government would rest on its feet. Thank you.